# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

JACOB HARMON SNYDER, Appellant, v. WAITY SHER-
MAN and others, Respondents.

*Probate of a will—the beneficiaries thereunder cannot testify as to personal trans-
actions with the testatrix, tending to establish her testamentary capacity—when
the admission of improper evidence by a surrogate, furnishes no ground for re-
versing a decree admitting a will to probate—what degree of undue influence
must be shown to authorize the rejection of a will.*

APPEAL from a decree of the surrogate of Rensselaer county, ad-
mitting to probate the will of Elizabeth Snyder, deceased.

The court, at General Term, said: "The testimony of the
beneficiaries under the will, as to personal communications and
transactions with the testatrix, tending to show her possessed of
testamentary capacity, and that she was free from all restraint
and improper influence, was improperly received. Evidence of
this character from those persons was inadmissible under section
829 of the Code of Civil Procedure. (*Schoonmaker* v. *Wolford*,
20 Hun, 166.) But the rule is now firmly settled, in accordance
with the decision in *Brick* v. *Brick* (66 N. Y., 144), that the
admission of improper evidence in proceedings before a surrogate
for the probate of a will is not ground for reversal of his decision,
admitting the will to probate, if it appears from the whole case
that the will was properly sustained; according to the remarks of
the court in *Foote* v. *Beecher* (78 N. Y., 155), the case, on an ap-
peal like the present one, is to be determined on the competent

[139]

evidence submitted, without considering such as may be incompetent. Judge CHURCH says that in the case of an appeal from a sur-rogate's decree upon the probate of a will ' the hearing is *de novo* in the appellate courts, and they may be determined upon the competent evidence appearing, disregarding such as is incompetent.' (Page 158.) In this regard the learned judge makes a distinction between a case like the present one and appeals in legal and equitable actions. This distinction was not recognized in *Schoonmaker* v. *Wolford* (*supra*). The decision in that case was, however, put upon the true ground, to wit: that on striking out the objectionable evidence there was no sufficient proof remaining to sustain the decree appealed from. (See also *Children's Aid So.* v. *Loveridge*, 70 N. Y., 387–392.) It should be here noted that there was no error in this case in the *rejection* of evidence on which any just complaint by the appellant can be grounded. The case then stands for examination on the competent evidence submitted on the hearing before the surrogate, disregarding all the incompetent proof admitted.

" The principal, if not the only question before the surrogate, was as to the testamentary capacity of the testatrix, whether at the time of the execution of the will she possessed sufficient intelligence, judgment, and mental power to make a valid testamentary disposition of her property. True, it was urged before the surrogate, as it is now urged on this appeal, that the testatrix, being aged and infirm both in body and in mind, was unfairly and improperly influenced in making her will. This position is not, however, at all sustained by the proof. There is no evidence whatever of solicitation or importunity, nor circumstances of inducement showing or tending to show the exercise of any improper influence over her, in regard to her property or to its ultimate disposition. There is, assuredly, none to bring the case within the rule laid down in *Brick* v. *Brick* (66 N. Y., 144), where it is declared on authority that to avoid a will on the ground of undue influence, ' it must be made to appear that it was obtained by means of influence, amounting to moral coercion, destroying free agency ; or by importunity which could not be resisted, so that the testator was constrained to do that which was against his actual will, but which

he was unable to refuse, or too weak to resist.' (page 149 ; also *Children's Aid So.* v. *Loveridge*, 70 N. Y., 387.) There is a total failure of proof here to bring this case within the doctrine of the law laid down in the case cited. The question in this case is then simply as to the testamentary capacity of the testatrix at the time she made the will. Had she at that time sufficient intelligence to comprehend the condition of her property, her relations to those who were, or might naturally be, the objects of her bounty, and to understand ᴖ provisions of the instrument which was to evidence her wishes ᴖurposes? If possessed of this degree of intelligence, in the ᴖof improper influence and restraint, her will must be sustained. (*Horn* v. *Pullman*, 72 N. Y., 269.) And it was also decided in this case, that there was no presumption against a will because made by a person of advanced age ; and further, that incapacity to make a will could not be inferred from an enfeebled condition of mind or body. The line of reasoning, and many of the remarks of Judge ANDREWS and of Judge MILLER in the cases cited, have direct bearing upon the case here under examination."

*Martin I. Townsend,* for the appellant.

*McClellan & Lansing,* for the respondents.

Opinion by BOCKES, J.; LEARNED, P. J., and WESTBROOK, J., concurred.

Decree affirmed, with costs against appellant.